```
                UNITED STATES DISTRICT COURT
                         FOR THE
                   DISTRICT OF VERMONT


Robert Avallone,                  :
         Plaintiff,               :
                                  :
      v.                          :   File Nos. 2:06-CV-253
                                  :             2:07-CV-1
Robert Hofmann, Lesa              :          (Consolidated)
Trowt, Dr. Susan Wehry,           :
John Doe, Jane Doe, Vermont       :
Department of Corrections,        :
Dr. John Leppman, Dr.             :
Rousse, Prison Health             :
Services, Dr. Ballard,            :
MHM Correctional Services,        :
Inc.,                             :
         Defendants.              :
```

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
#### (Papers 10, 15, 24 and 27)

*Pro se* plaintiff Robert Avallone, a Vermont inmate, brings this action claiming that upon his arrest and incarceration he received constitutionally inadequate medical care. Currently pending before the Court is a motion to dismiss filed by defendants Ballard and MHM Correctional Services, Inc., a motion for summary judgment submitted by defendant Lesa Trowt, and Avallone's motion to amend his complaint. For the reasons set forth below, I recommend that the motion to dismiss and the motion for summary judgment be DENIED. The motion to amend is also DENIED.

Factual Background

Avallone claims that on November 16, 2006, he was incarcerated at the Southern State Correctional Facility ("SSCF") in Springfield, Vermont. He alleges that upon his incarceration he was denied medications for chronic pain, nervousness and mental health issues. He received no medical attention whatsoever for two days, and as a result suffered a seizure, vomiting, diarrhea and dehydration.

Avallone reports that prior to his incarceration he was involved in a serious automobile accident and an accident at work. As a result, he suffered spinal injuries and head trauma. Because of injuries to discs in his back and to his sciatic nerve, he has chronic pain in his low back and down his legs.

Avallone's treating physician allegedly prescribed various medications for pain including "Oxycontin, Percocet, Lyrica, Concert and [C]linazpam." After Avallone was incarcerated, defendant Dr. Leppman prescribed Flexoril for chronic pain. The complaint identifies Dr. Leppman as the medical director at SSCF.

The Flexoril was apparently ineffective. Avallone contends that Flexoril is not a pain medication, and that Dr. Leppman's conduct was unconstitutional. He asserts that Dr. Leppman was aware of his continued chronic pain, and that he continually notified Dr. Leppman through "nurse contact, Prison Health Services Inc. sick call requests, and the Vermont Department of Corrections grievance procedure."

For relief, Avallone asks the Court to order the sort of medical care allegedly recommended by a specialist at Dartmouth Hitchcock Medical Center, and by his treating physician in Bennington, Vermont. He also asks that defendant Lesa Trowt and other probation officers be required to return the medications that were confiscated in November, 2006. He further requests therapeutic treatment, including massage, and the issuance of a wheelchair.

## Discussion

I. Motion to Dismiss

Pending motions include a motion to dismiss filed by defendants Dr. Ballard and MHM Correctional Services, Inc. ("MHM"). The complaint alleges that Dr. Ballard

and MHM are mental health providers.  Their motion to dismiss argues that the allegations in the complaint do not include any specific allegations about inadequate mental health care.  Consequently, they have moved to dismiss for failure to state a claim under Rule 12(b)(6).

The complaint alleges that at the time of Avallone's arrest and incarceration, his mental health medication was abruptly discontinued.  It also alleges that Dr. Ballard was responsible for "formulating and implementing detoxification if appropriate."  In response to the motion to dismiss, Avallone argues that Dr. Ballard had a duty both to treat his brain injury and to address detoxification issues when Avallone first arrived at SSCF.

On a motion to dismiss, the Court must accept as true the factual allegations in the complaint, and must draw all inferences in the plaintiff's favor.  See Allaire Corp. v. Okumus, 433 F.3d 248, 249-50 (2d Cir. 2006).  "To survive dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient to 'raise a right to

4

relief above the speculative level.'" ATSI Comms., Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007) (quoting Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007)).  Also, *pro se* pleadings are to be read liberally.  See Phillips v. Girdich, 408 F.3d 124, 128 (2d Cir. 2005).

    Although the complaint is not a model of clarity, it does appear to allege wrongdoing with respect to Avallone's mental health care at SSCF.  Reading the complaint liberally, and making all necessary inferences in Avallone's favor, the complaint states that Dr. Ballard was responsible for detoxification, that Avallone was abruptly stripped of his mental health medications, and that as a result he suffered physical harm including a seizure and vomiting.

    The movants' sole argument in their motion to dismiss is that "plaintiff does not allege any facts relating to any claim against these moving defendants who are alleged to be providers of mental health services."  Reading the complaint under the standard set forth above, the Court disagrees.  Because the complaint appears to set forth a claim that Avallone's mental

5

health treatment was, at least initially, mismanaged, the motion to dismiss (Paper 15) should be DENIED.

II. Motion for Summary Judgment

Defendant Lesa Trowt has moved for summary judgment on the basis of Avallone's alleged failure to exhaust the prison grievance process.  Summary judgment should be granted only when there is no genuine issue of fact and the moving party is entitled to judgment as a matter of law.  See Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  The moving party has the initial burden of demonstrating that there is no genuine issue of material fact.  See Marvel Characters, Inc. v. Simon, 310 F.3d 280, 286 (2d Cir. 2002); Goenaga v. March of Dimes Birth Defects Found., 51 F.3d 14, 18 (2d Cir. 1995) (stating that movant may meet burden by "point[ing] to an absence of evidence to support an essential element of the nonmoving party's claim.")  Once the movant satisfies this burden, the non-moving party must respond by setting forth "specific facts showing that there is a genuine issue for trial."  Fed. R. Civ. P. 56(e).

In determining whether summary judgment is appropriate, a court must "construe the facts in the light most favorable to the non-moving party and must resolve all ambiguities and draw all reasonable inferences against the movant." Williams v. R.H. Donnelley, Corp., 368 F.3d 123, 126 (2d Cir. 2004). "In addition, *pro se* litigants must be given extra latitude, particularly on a summary judgment motion." Thomas v. New York State Dep't of Corr. Servs., 2006 WL 435718, at *4 (S.D.N.Y. Feb. 23, 2006) (citing McPherson v. Coombe, 174 F.3d 276, 280 (2d Cir. 1999) (*pro se* pleadings should be read liberally and interpreted "to raise the strongest arguments that they suggest")).

Trowt's argument is premised upon the exhaustion requirement set forth in the Prison Litigation Reform Act, 42 U.S.C. § 1997e ("PLRA"). The PLRA provides, in relevant part, that:

> no action shall be brought with respect to prison conditions under section 1983 of this title, or any other federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e (a). The exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes." Porter v. Nussle, 534 U.S. 516, 532 (2002).

In this case, Trowt argues that although Avallone filed a grievance with respect to his medication being taken away, his final grievance form was incomplete. The form was allegedly returned to him with an explanation about why it was not being accepted, and Avallone failed to re-submit the form in the proper format. Avallone maintains that his initial filing was proper, and that he exhausted the prison's administrative process.

During the time period relevant to Avallone's claims, the Vermont Department of Corrections ("DOC") had a multi-step grievance procedure in place. See generally Affidavit of John Murphy (Paper 10-2) and appended exhibits. According to Directive 320.01, inmates could file a grievance using preprinted forms and the following procedure. First, the inmate filed Grievance Form #1 with the local facility. That filing triggered an investigation and a response to the inmate

using Grievance Form #2.  If the inmate was not satisfied with the response in Grievance Form #2, or if the complaint was deemed denied because staff had not responded within an appropriate time, the inmate could file Grievance Form #3 with the DOC Commissioner.  The Commissioner or his designee would then respond to the grievance set forth in Form #3 within a reasonable amount of time.  See Gay v. Correctional Medical Servs., 2007 WL 495241, at *1 (D. Vt. Feb. 9, 2007).

When filing Form #3, inmates were required to attach a copy of Form #1 and #2.  In this case, Trowt contends that Avallone filed his Form #3 but omitted the required attachments.  Consequently, Avallone's Form #3 was returned with a standard memorandum informing him that his filing did not include "an explanation of your efforts to resolve your issue(s) at the local level." (Paper 24-8).  A handwritten notation on the memorandum stated: "Please include login #."  Id.  According to DOC employee John Murphy, a review of the DOC's database for grievance Forms #3 reveals that Avallone never re-filed his grievance with the Commissioner.  (Paper 10-2 at 2).

Avallone contests Trowt's statements of fact. Specifically, he claims that when he submitted Form #3, he attached Form #1 and Form #2. (Paper 19 at 2). This dispute creates a question of fact that prevents dismissal on grounds of exhaustion at this time. I therefore recommend that Trowt's motion for summary judgment (Papers 10 and 24) be DENIED.

III.   Motion to Amend Complaint

Avallone has moved to amend his complaint to add new claims and new parties. The motion clearly does not comply with the Local Rules, and the defendants have objected on this basis. Local Rule 15.1 requires that "a party moving to amend a filing must attach a redlined version of the proposed amendment to the motion, clearly designating all addition and deletions." Avallone's motion is comprised of an entirely new complaint, with no delineation between new and old claims. The motion to amend is, therefore, DENIED without prejudice.

## Conclusion

For the reasons set forth above, I recommend that the motion to dismiss filed by defendants Dr. Ballard and MHM Correctional Services, Inc. (Paper 15) and

defendant Lesa Trowt's motion for summary judgment (Papers 10 and 24) be DENIED.  Avallone's motion to amend his complaint (Paper 27) is DENIED.

Dated at Burlington, in the District of Vermont, this 29th day of January, 2008.

/s/ Jerome J. Niedermeier
Jerome J. Niedermeier
United States Magistrate Judge

Any party may object to this Report and Recommendation within 10 days after service by filing with the clerk of the court and serving on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  Failure to file objections within the specified time waives the right to appeal the District Court's order.  See Local Rules 72.1, 72.3, 73.1; 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b), 6(a) and 6(e).