UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Robert Avallone,                  :
          Plaintiff,              :
                                  :
     v.                           :    File Nos. 2:06-CV-253
                                  :              2:07-CV-1
Robert Hofmann, Lesa              :    (Consolidated)
Trowt, Dr. Susan Wehry,           :
John Doe, Jane Doe, Vermont       :
Department of Corrections,        :
Dr. John Leppman, Dr.             :
Rousse, Prison Health             :
Services, Dr. Ballard,            :
MHM Correctional Services,        :
Inc.,                             :
          Defendants.             :

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
### (Papers 46, 49 and 50)

*Pro se* plaintiff Robert Avallone, a Vermont

inmate, brings this action claiming that he received

inadequate medical care while in prison.  Currently

pending before the Court is a motion for summary

judgment filed by several defendants, as well as two

motions to compel also submitted by defendants.  For the

reasons set forth below, the motions to compel (Papers

49 and 50) are GRANTED, and I recommend that the motion

for summary judgment (Paper 46) be DENIED.

### Factual Background

The complaint in this case alleges that on

November 16, 2006, Avallone was incarcerated at the

Southern State Correctional Facility ("SSCF") in Springfield, Vermont.  Upon his incarceration, Avallone was allegedly denied medications for chronic pain, nervousness and mental health issues.  He claims that he received no medical attention whatsoever for two days, and as a result suffered a seizure, vomiting, diarrhea and dehydration.

Avallone reports that prior to his incarceration he was involved in a serious automobile accident and an accident at work.  Because of injuries to discs in his back and to his sciatic nerve, he has chronic pain in his low back and down his legs.  His treating physician allegedly prescribed various medications for pain including "Oxycontin, Percocet, Lyrica, Concert and clinazpam."  After Avallone was incarcerated, defendant Dr. Leppman prescribed Flexoril for chronic pain.  The complaint identifies Dr. Leppman as the medical director at SSCF.

Avallone asserts that Flexoril was ineffective.  When he made prison officials aware of his continued pain, they allegedly failed to take appropriate action.  Consequently, Avallone is suing under the Eighth

Amendment for deliberate indifference to his medical needs.

Discussion

I. <u>Motion for Summary Judgment</u>

Defendants Robert Hofmann, Susan Wehry, Prison Health Services, Inc., John Leppman and Michael Rouse now move for summary judgment. Their motion submits that Avallone's claims fail as a matter of law because "Plaintiff does not have the expert testimony necessary to support a claim of medical malpractice, much less a claim for deliberate indifference to his medical needs." (Paper 46 at 1). In support of their motion, the defendants report that their discovery requests asked to Avallone to admit that he has no expert evidence on questions of (1) medical malpractice, (2) the applicable standard of care, or (3) whether a breach in the standard of care caused him harm. The discovery requests were sent several months ago, and Avallone has not yet responded.

The premise underlying the defendants' summary judgment motion is that Avallone needs expert testimony to sustain his constitutional claim. Their focus is on

3

the elements of a medical malpractice claim which, they
contend, constitute a threshold above which the
plaintiff must rise in order to establish his deliberate
indifference claims.  (Paper 46 at 4) ("Plaintiff must
show that Defendants' actions went beyond medical
malpractice . . . .  Plaintiff's action must fail as he
cannot show that the care he was allegedly given
constituted medical malpractice, not to mention
deliberate indifference.").

The Second Circuit has rejected the argument that
a § 1983 plaintiff is required to offer expert testimony
in support of a deliberate indifference claim.

> We have never required plaintiffs alleging a
> denial of adequate medical care in a Section
> 1983 action to produce expert medical
> testimony.  The inquiry remains whether the
> treating physician or other prison official
> was deliberately indifferent to a prisoner's
> serious medical needs, not whether the
> doctor's conduct is actionable under state
> malpractice law.  Expert testimony certainly
> could have bolstered [the plaintiff's] case
> at trial, but the absence of such expert
> proof does not mandate dismissal of his
> action where the facts support a finding of
> deliberate indifference.

Hathaway v. Coughlin, 37 F.3d 63, 68 (2d Cir. 1994); see
also Olivier v. Robert L. Yeager Mental Health Ctr., 398
F.3d 183, 191 (2d Cir. 2005); Cumberbatch v. Port Auth.

of New York and New Jersey, 2006 WL 3543670, at *9
(S.D.N.Y. Dec. 5, 2006). Accordingly, the Court should
not dismiss Avallone's claim simply because he has
failed to identify sources of expert testimony on
questions related to the applicable standard of medical
care.

To the extent that the defendants are asserting
that Avallone has not established deliberate
indifference, they have not offered any material facts
on this issue. To establish a deliberate indifference
claim, a plaintiff must show both an objectively serious
medical need and a subjectively sufficient state of
mind. See Smith v. Carpenter, 316 F.3d 178, 183-84 (2d
Cir. 2003). At summary judgment, it is the defendants'
burden to show that the elements of the claim have not
been satisfied. See Marvel Characters, Inc. v. Simon,
310 F.3d 280, 286 (2d Cir. 2002); Goenaga v. March of
Dimes Birth Defects Found., 51 F.3d 14, 18 (2d Cir.
1995) (stating that movant may meet burden by
"point[ing] to an absence of evidence to support an
essential element of the nonmoving party's claim.").
Because the defendants have not offered any facts or

arguments relevant to the deliberate indifference
standard, and because their request for dismissal for
lack of an expert is misplaced, I recommend that their
motion for summary judgment be DENIED.

II.  <u>Motions to Compel</u>

Also pending before the Court are motions to
compel filed by defendant Lesa Trowt (Paper 49) and
defendants Dr. Ballard and MHM Correctional Services
(Paper 50).  The motions seek responses to discovery
requests sent several months ago, and are accompanied by
affidavits containing the information required under
Local Rule 26.1.  Because Avallone's responses are long
overdue, and given the good faith efforts by the
attorneys involved to resolve the issue, the motions to
compel are GRANTED.  Avallone shall respond to the
discovery sought in those motions on or before November
21, 2008.  Failure to comply with this Order may result
in dismissal of the case with prejudice for failure to
prosecute.

In her motion to compel, defendant Lesa Trowt
moves for dismissal as alternative relief.  Because I am
allowing Avallone additional time in which to produce

the requested discovery, I recommend that the motion to dismiss be DENIED without prejudice.

## Conclusion

For the reasons set forth above, I recommend that the defendants' motion for summary judgment (Paper 46) be DENIED. The pending motions to compel (Papers 49 and 50) are GRANTED. Failure to comply with the Court's order on the motions to compel may result in dismissal of the case with prejudice for failure to prosecute. Finally, I recommend that defendant Lesa Trowt's motion to dismiss (Paper 49) be DENIED without prejudice.

Dated at Burlington, in the District of Vermont, this 17th day of October, 2008.


/s/ Jerome J. Niedermeier
Jerome J. Niedermeier
United States Magistrate Judge


Any party may object to this Report and Recommendation within 10 days after service by filing with the clerk of the court and serving on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. Failure to file objections within the specified time waives the right to appeal the District Court's order. See Local Rules 72.1, 72.3, 73.1; 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b), 6(a) and 6(e).