UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| Robert Avallone,<br>Plaintiff,<br><br>v.<br><br>Robert Hofmann, Lesa Trowt, Dr. Susan Wehry, John Doe, Jane Doe, Vermont Department of Corrections, Dr. John Leppman, Dr. Rousse, Prison Health Services, Dr. Ballard, MHM Correctional Services, Inc.,<br>Defendants. | File Nos. 2:06-CV-253<br>2:07-CV-1<br>(Consolidated) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
(Papers 55 and 57)

*Pro se* plaintiff Robert Avallone, previously a Vermont inmate, brings this action claiming that he received constitutionally inadequate medical care while in prison. Currently pending before the Court are motions to dismiss filed by defendants Lisa Trowt, Dr. Ballard, and MHM Correctional Services, Inc. ("MHM") based upon Avallone's failure to respond to discovery and comply with a Court order. Although I recommend, for reasons set forth below, that the motions to dismiss be DENIED, the Court should impose a new deadline for compliance with discovery and warn Avallone that continued non-compliance will likely be grounds for dismissal.

## Factual Background

Avallone alleges that upon his incarceration in November 2006, he was denied appropriate medications for chronic pain, nervousness and mental health issues. He allegedly received no medical attention whatsoever for two days, and subsequent medical and mental health care was inadequate.

Defendant Lisa Trowt served her First Set of Interrogatories and Request for Production of Documents upon Avallone on April 7, 2008. When Avallone failed to respond within the time period set by the Federal Rules of Civil Procedure, Trowt's attorney wrote to him on May 14, 2008 and asked him to communicate his intended response date. After Avallone did not respond to the letter, counsel wrote again on June 13, 2008. Finally, in a letter dated July 1, 2008, counsel informed Avallone that if responses were not received by July 15, 2008, he would file a motion to compel.

When Avallone again failed to provide responses, Trowt filed a motion to compel on July 24, 2008. On September 4, 2008, Ballard and MHM moved to compel responses to their written discovery as well. On October 17, 2008, Judge Niedermeier recommended that the Court grant the motions to compel, but to the extent that the motions sought dismissal

with prejudice, the motions be denied. Judge Sessions adopted Judge Niedermeier's Report and Recommendation on November 4, 2008, and ordered Avallone to submit his discovery responses by November 21, 2008.

The defendants report that, to date, they still have not received any discovery responses from the plaintiff. Based upon Avallone's failure to comply with the Federal Rules and the Court's order of November 4, 2008, Trowt filed a motion to dismiss on December 3, 2008. Ballard and MHM followed with their own motion to dismiss on January 29, 2009. Avallone has not opposed either motion.

## Discussion

The defendants have moved to dismiss pursuant to Fed. R. Civ. P. 37. In selecting the appropriate sanction under Rule 37, courts consider a variety of factors, including: "(1) the willfulness of the non-compliant party or the reason for the noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance; and (4) whether the non-compliant party had been warned of the consequences . . . noncompliance." Nieves v. City of New York, 208 F.R.D. 531, 535 (S.D.N.Y. 2002) (citing Bambu Sales, Inc. v. Ozak Trading Inc., 58 F.3d 849, 852-54 (2d Cir. 1995)). The most severe sanctions should not be

imposed unless the failure to comply with a discovery order "'is due to willfulness, bad faith, fault or gross negligence, rather than inability to comply or mere oversight.'" Handwerker v. AT&T Corp., 211 F.R.D. 203, 209 (S.D.N.Y. 2002) (quoting Hochberg v. Howlett, 1994 WL 174337, at *3 (S.D.N.Y. May 3, 1994)); see also Salahuddin v. Harris, 782 F.2d 1127, 1132 (2d Cir. 1986).

The Second Circuit recently noted that "[p]ro se litigants, though generally entitled to 'special solicitude' before district courts, are not immune to dismissal as a sanction for noncompliance with discovery orders." Agiwal v. Mid Island Mortgage Corp., 2009 WL 350717, at *3 (2d Cir. Feb. 13, 2009) (quoting Triestman v. Federal Bureau of Prisons, 470 F.3d 471, 475 (2d Cir. 2006)). The Circuit Court has also warned, however, that "dismissal with prejudice is a harsh remedy to be used only in extreme situations . . . ." Bobal v. Rensselaer Polytechnic Inst., 916 F.2d 759, 764 (2d Cir. 1990).

This case may not yet be extreme enough to warrant the ultimate sanction. In its ruling on the motion to compel, the Court warned Avallone that his continued failure to participate in discovery could result in the dismissal of his case. Typically, more than one warning is provided

4

prior to dismissal.  See, e.g., Agiwal, 2009 WL 350717, at *1-*2 (Magistrate Judge issued several warnings of the potential for dismissal prior to dismissing case); Walker v. Jeffrey Zagelbaum MGMT LLC, 2008 WL 5348543, at *3 (E.D.N.Y. Dec. 22, 2008) (dismissing case after plaintiff was given "multiple chances to comply with the Court's discovery orders, and warned repeatedly that her case would be dismissed if she failed to do so.").

Nonetheless, a lesser sanction in this case is difficult to identify.  While in some cases the Court might require the plaintiff to pay attorney's fees, Avallone's status as an *in forma pauperis* litigant weighs heavily against imposing such a sanction.  The Court might also consider striking motions or other filings submitted by the plaintiff, but in this case, with the exception of the complaint, there are no such filings.  In fact, Avallone's last filing was a motion submitted on August 30, 2007.

Aside from Avallone's silence over the last year and a half, there is no affirmative evidence of willfulness, gross negligence, or other conduct deserving of dismissal.  There will come a point, however, at which dismissal is warranted under either Rule 37 or Rule 41(b).  See Fed. R. Civ. P. 41(b) (providing that "[i]f the plaintiff fails to prosecute

or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."). Indeed, it is not fair to either the defendants or the Court to allow this case to linger without full participation and cooperation by the plaintiff.

Avallone initiated this action. As a result, the defendants have had to commit valuable time and resources. In contrast, Avallone has been absent from the case since mid-2007, has failed to comply with the Federal Rules and a Court order, and has been warned that his case might be dismissed. Continued failure to abide by the Rules and disregard of direct Orders cannot be tolerated. Consequently, while I am recommending that the Court give him another chance, Avallone is now warned that if he continues to disregard the Court's Rules and Orders, his conduct may be considered willful and may constitute grounds for dismissal of his claims with prejudice.

## Conclusion

For the reasons set forth above, I recommend that the pending motions to dismiss (Papers 55 and 57) be DENIED. I also recommend, however, that a new discovery deadline be imposed, with a clear warning that any failure to comply with that deadline will likely result in dismissal.

Specifically, if the Court adopts my recommendation and denies the motions to dismiss, it should (1) require Avallone to provide responses to all written discovery within 20 days of its Order, (2) require that the responses comport with the Federal Rules of Civil Procedure, and (3) warn him that the failure to comply with this deadline will result in a severe sanction, most likely in the form of an Order dismissing the entire case with prejudice.

Dated at Burlington, in the District of Vermont, this 10th day of March, 2009.

/s/ John M. Conroy
John M. Conroy
United States Magistrate Judge

Any party may object to this Report and Recommendation within 10 days after service by filing with the clerk of the court and serving on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  Failure to file objections within the specified time waives the right to appeal the District Court's order.  See Local Rules 72.1, 72.3, 73.1; 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b), 6(a) and 6(e).