UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Robert Avallone,
    Plaintiff,

v.                                                  Civil Action No. 5:06-CV-253

Robert Hofmann, Lesa Trowt, Dr. Susan
Wehry, John Doe, Jane Doe, Dr. John
Leppman, Dr. Rousse, Prison Health
Services, Inc., Dr. Ballard, MHM
Correctional Services Inc.,
    Defendants.

# REPORT AND RECOMMENDATION
(Doc. 80)

*Pro se* plaintiff Robert Avallone, formerly a Vermont inmate, brings this action claiming that he received constitutionally inadequate medical care while in prison. (Doc. 4). Specifically, Avallone alleges that he suffers from severe spinal nerve damage, that his treatment while imprisoned fell below both medical and constitutional standards, and that his condition has worsened as a result. *Id.*

Currently pending before the Court is a motion to dismiss filed by defendants Dr. Ballard and MHM Correctional Services, Inc. ("MHM")[1] based upon Avallone's failure to comply with discovery requests. (Doc. 80). For the reasons set forth below, I recommend that the motion to dismiss be DENIED, and that Avallone be given an additional 30 days in which to submit responses. I also recommend that Avallone be

---

[1] Only Dr. Ballard, MHM, Lesa Trowt, former Commissioner Hofmann, Dr. Wehry, John Does, and Jane Doe remain as defendants in this action as the other defendants were dismissed from this action by Order dated Feb. 3, 2009. (Doc. 78).

1

clearly warned that failure to comply within 30 days will result in dismissal of the case, with prejudice, and without any further notice from the Court.

## **Factual Background**

Dr. Ballard and MHM served Avallone with interrogatories, requests to produce and requests to admit on January 2, 2008. (Doc. 37). When Avallone failed to respond, the Court granted the defendants' motion to compel on October 17, 2008. (Doc. 52). The potential for dismissal was made clear to the plaintiff.

> Avallone shall respond to the discovery sought in those motions on or before November 21, 2008. Failure to comply with this Order may result in dismissal of the case with prejudice for failure to prosecute.

*Id.* at 6.

The plaintiff continued to fail to respond and a motion to dismiss was filed by the defendants on January 29, 2009. (Doc. 57). On March 31, 2009, the Court denied defendants' motion, but warned that a failure to respond to discovery requests within 20 days of the order would be likely to result in a dismissal of the case with prejudice. (Doc. 61).

On April 1, 2009, Avallone informed the Court that he had not received "any interrogatory" and that it was "hard to be compelled to answer Defendants [sic] interrogatory when Plaintiff has never received them." (Doc. 62 at 1). He also stated that he had not received any "word from the court," and believed that the case had been dismissed. *Id.* at 5.

In a subsequent Report and Recommendation, the Court noted that Avallone had been warned previously of the potential for dismissal, and that his failure to receive

discovery and Court orders was likely the result of his failure to inform the Court and the parties of his current address. (Doc. 74 at 18). The court further opined that "Avallone's conduct is approaching gross negligence, as both the defendants and the Court have been making efforts to engage him in discovery for over a year." *Id.* at 19. Nonetheless, in light of Avallone's filing, the Court ordered that:

> [All] defendants with outstanding discovery requests shall re-serve those requests forthwith, and shall file certificates of service as required by the Local Rules. Avallone shall respond to those requests within 30 days. If timely responses are not served, the defendants may file appropriate motions.

*Id.* On August 14, 2009, Avallone was served with the same set of discovery requests initially served in January, 2008. (Doc. 75). A response had not yet been received by either defendant when they moved to dismiss on November 9, 2009. (Doc. 80).

## **Discussion**

The defendants have moved to dismiss pursuant to Fed. R. Civ. P. 37. When considering the appropriate sanction under Rule 37, courts must look to factors that include: "(1) the willfulness of the non-compliant party or the reason for the noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance; and (4) whether the non-compliant party had been warned of the consequences of . . . non-compliance." *Nieves v. City of New York*, 208 F.R.D. 531, 535 (S.D.N.Y. 2002) (citing *Bambu Sales, Inc. v. Ozak Trading Inc.*, 58 F.3d 849, 852-54 (2d Cir. 1995)). The Court is to afford a *pro se* litigant "'special solicitude'" in giving weight to these factors, but this does not preclude the court from imposing the sanction of dismissal—the sanction requested by defendants—for a persistent noncompliance with

discovery orders. *Agiwal v. Mid Island Mortgage Corp.*, 555 F.3d 298, 302 (2d Cir. 2009) (quoting *Triestman v. Federal Bureau of Prisons*, 470 F.3d 471, 475 (2d Cir. 2006)). "'[D]ismissal with prejudice is a harsh remedy to be used only in extreme situations, and . . . only when a court finds willfulness, bad faith, or any fault' by the non-compliant litigant." *Agiwal*, 555 F.3d 298 at 302 (quoting *Bobal v. Rensselaer Polytechnic Inst.*, 916 F.2d 759, 764 (2d Cir. 1990)).

The first factor weighs heavily against the plaintiff, in spite of the high showing of culpability needed for the most severe sanction of dismissal. While the plaintiff has been virtually idle in pursuing this alleged violation of his constitutional rights, he cannot claim to have been unaware of his obligations to the Court even in light of his *pro se* status and allegedly delayed receipt of the defendants' discovery requests. Avallone's April 1, 2009 filing reveals an understanding of his obligation to respond to discovery requests, and the potential for sanctions when he fails to do so. From the time the plaintiff was again served with the duplicate discovery request, he can be presumed to have been aware of the legal obligation to comply with discovery, and any noncompliance may be considered willful.

With regard to lesser sanctions, the Court has few options. Mr. Avallone is proceeding *in forma pauperis*, making monetary sanctions inappropriate. The Court has doubts about the efficacy of allowing the plaintiff further time to cure his noncompliance, given his extended absences from this matter. Nonetheless, prior warnings about the potential for dismissal were issued before Avallone notified the Court that he was not receiving case-related mailings. While such circumstances may not warrant additional

time for a traditional litigant, the Court believes that this *pro se* party might respond to a clear warning that noncompliance will result in dismissal.

As noted above, Avallone was initially served with discovery requests over two years ago. Even if the Court accepts his assertion of non-receipt, the duration of noncompliance is approaching six months. The Second Circuit has recently affirmed that a *pro se* litigant's noncompliance period that spanned less than six months, could support the sanction of dismissal. *Embuscado v. DC Comics*, 2009 WL 3160990, at *1 (2d Cir. Oct. 1, 2009) (finding that the period of noncompliance commenced with a September 2007 order and supported a February 2008 dismissal). Accordingly, the second discovery request alone has been ignored for a period sufficient to support a ruling against the plaintiff on this factor.

Mr. Avallone's apparent delayed receipt of the discovery requests creates some difficulty in determining whether the defendant has been warned of dismissal as a potential result of noncompliance. "The severe sanction of dismissal with prejudice may be imposed even against a plaintiff who is proceeding *pro se,* so long as a warning has been given that noncompliance can result in dismissal." *Valentine v. Museum of Modern Art*, 29 F.3d 47, 50 (2d Cir. 1994). Mr. Avallone has been ordered by the Court on numerous occasions to comply with this and all other discovery requests, and has been warned that dismissal could result from noncompliance. He has not though, received an order or warning that relates directly to the re-served discovery requests. If, after receiving one final warning, Avallone fails to comply, dismissal will certainly be warranted.

I therefore recommend that the motion to dismiss filed by defendants Dr. Ballard and MHM (Doc. 80) be DENIED. I further recommend that Mr. Avallone be allowed 30 additional days to respond to all discovery requests that are presently outstanding. If the plaintiff fails to comply, the Court should dismiss this action with prejudice, *sua sponte*, under Fed. R. Civ. P. 37(b)(2) and Fed. R. Civ. P. 16(f) for failure to obey a discovery order. No further action will be required on the part of the defendants.

Dated at Burlington, in the District of Vermont, this 4th day of February, 2010.

/s/ John M. Conroy
John M. Conroy
United States Magistrate Judge

Any party may object to this Report and Recommendation within 14 days after service by filing with the clerk of the court and serving on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. Failure to file objections within the specified time waives the right to appeal the District Court's order. *See* Local Rules 72(a), 72(c), 73; 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b), 6(a) and 6(d).